UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN JIMENEZ, | Case No. 1:24-cv-01376-JLT-SKO |
| Plaintiff, | <u>FIRST SCREENING ORDER</u> |
| v. | ORDER FOR PLAINTIFF TO: |
| UNITED STATES, et al., | (1) FILE A FIRST AMENDED COMPLAINT; OR |
| Defendants. | (2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

Plaintiff Evelyn Jimenez is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed her complaint on November 8, 2024. (Doc. 1). Upon review, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that she wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will

1

recommend that the case be dismissed.

## I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted her complaint using the general complaint form provided by this Court. The caption of the complaint lists the United States and the "FBI Federal Bureau of Investigation" as the defendants. (Doc. 1.) Plaintiff has checked federal question as the basis of jurisdiction. (*Id.* at 3.) In the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated, she writes "Identity - Identification" (*Id.* at 4.) The statement of claim section states "Identification." (Doc. 1 at 5.) The requested relief section states as follows: "I agree to identification." (*Id.* at 6.)

The Civil Cover Sheet lists the nature of suit is listed as "Constitutionality of State Statutes." (Doc. 1-1.)

## III.   DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to her claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

### A.   Rule 8

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give

the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Here, the statement of claim section merely states, "Identification." (Doc. 1 at 5.). There are no factual allegations in the complaint that identify the basis any federal claim(s). Nor does Plaintiff specify what state statute(s) she finds unconstitutional and what basis she has for doing so, as specified in the Civil Cover Sheet. (*See* Doc. 1-1.)

In addition, a complaint is required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Again, without any factual allegations, it is impossible to determine what Plaintiff is alleging has occurred or how the defendants are alleged to be responsible.

Finally, Rule 8 requires that the complaint must state a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). The relief requested in the complaint is "I agree to identification," the meaning of which is unclear to the Court. (*See* Doc. 1 at 6.) Accordingly, Plaintiff needs to clearly articulate the relief that she is seeking in the action (*e.g.*, damages or injunctive relief) if she elects to file an amended complaint.

### B. Suit Against the United States and Federal Agencies

Plaintiff appears to bring this action against the United States and the "FBI Federal Bureau of Investigation." Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" *Hodge*, 107 F.3d at 707 (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981).) The complaint is devoid of any allegations that would enable the Court to determine any basis by which Plaintiff could bring suit against the United States or the FBI.

### IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time

1  to file an amended complaint, so Plaintiff can provide additional factual allegations. *Lopez*, 203
2  F.3d at 1126–30.

3        Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff
4  chooses to amend her complaint, she must clearly state in the amended complaint her legal claims,
5  identify which non-immune defendant the claim is against, and allege facts that support and show
6  that the specific defendant engaged in conduct asserted as the legal basis for the claim. Fed. R.
7  Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff
8  should note that although she has been given the opportunity to amend, it is not for the purpose of
9  changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607
10 (7th Cir. 2007) (no "buckshot" complaints).

11       Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v.*
12 *Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in
13 itself without reference to the prior or superseded pleading. *See* E.D. Cal. L.R. 220. Therefore, in
14 an amended complaint, as in an original complaint, each claim and the involvement of each
15 defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled
16 "First Amended Complaint," refer to the appropriate case number, and be an original signed under
17 penalty of perjury.

18       Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if she
19 believes that additional true factual allegations would state cognizable claims. If Plaintiff files an
20 amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff
21 may choose to stand on her complaint subject to the Court issuing findings and recommendations
22 to a district judge consistent with this order.

23       Based on the foregoing, IT IS ORDERED that:
24       1.    Within thirty (30) days from the date of service of this order, Plaintiff shall either:
25           a.  File a First Amended Complaint; or
26           b.  Notify the Court in writing that she wants to stand on this complaint;
27       2.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended
28           complaint "First Amended Complaint" and refer to case number 1:24-cv-01376-

JLT-SKO; and

3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:     **December 12, 2024**                    /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE