1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                     FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    EVELYN JIMENEZ,                           Case No. 1:24-cv-01376-JLT-SKO

10                   Plaintiff,                 FINDINGS AND RECOMMENDATION
                                                THAT THE CASE BE DISMISSED FOR
11          v.                                  FAILURE TO STATE A CLAIM

12   UNITED STATES OF AMERICA and              (Doc. 7)
     FEDERAL BUREAU OF
13   INVESTIGATION,                             FOURTEEN-DAY DEADLINE

14                   Defendants.

15

16          Plaintiff Evelyn Jimenez, proceeding pro se and *in forma pauperis* in this action, filed a

17   civil complaint on November 8, 2024. (Doc. 1). On December 13, 2024, the undersigned screened

18   the complaint, found that it failed to state any cognizable claims, and granted Plaintiff thirty days

19   leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc.

20   4.)

21          On February 7, 2025, in response to an order to show cause (Doc. 5), Plaintiff filed an

22   amended complaint, which is before the Court for screening. (Doc. 7) After screening Plaintiff's

23   amended complaint, the Court finds that despite the explicit recitation of the deficiencies of the

24   original complaint, Plaintiff has failed to plead any cognizable claims. Accordingly, the Court

25   RECOMMENDS that Plaintiff's amended complaint be DISMISSED without leave to amend.

26                          I.      SCREENING REQUIREMENT

27          In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

28   each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

                                                    1

1  is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which

2  relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

3  28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district

4  court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193

5  (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines

6  that a complaint fails to state a claim, leave to amend may be granted to the extent that the

7  deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130

8  (9th Cir. 2000) (*en banc*).

9        In determining whether a complaint fails to state a claim, the Court uses the same pleading

10  standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and

11  plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P.

12  8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

13  a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

14  U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A

15  complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of

16  a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri*

17  *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must allege a minimum

18  factual and legal basis for each claim that is sufficient to give each defendant fair notice of what

19  the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of*

20  *Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

21        In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept

22  as true all factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94

23  (2007).  The Court, however, need not accept a plaintiff's legal conclusions as true.  *Iqbal*, 556 U.S.

24  at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it

25  stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. (quoting

26  *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

27

28

## II.    DISCUSSION

### A.    Plaintiff's Allegations

Plaintiff drafted her amended complaint using the general complaint form provided by this Court.  The caption of the complaint lists the "United States, et al." and the "FBI Federal Bureau of Investigation" as the defendants.  (Doc. 7.)  Plaintiff has checked federal question as the basis of jurisdiction.  (*Id.* at 3.)  In the section in which she is asked to indicate which of her federal constitutional or statutory rights have been violated, she writes "global identification – Los Banos, CA," "DMV Identification – Los Banos, CA," and "other Identification – San Diego and customs and borders – San Diego, CA."  (*Id.* at 4.)  The statement of claim section states: "Jessica, James, Xiomara are my children with other 18 years old getting Federal question with the FBI address and phone number.  Extension in time and a lawyer to settle eight billion queizgies [*sic*]."  (Doc. 1 at 5.)  The requested relief section states as follows: "I scare officer of law enforcement identification they don't believe is me, Evelyn Jimenez, where I am from, county I [*sic*] what language, same to my community and places visit."  (*Id.* at 6.)

The Civil Cover Sheet filed with the original complaint lists the nature of suit as "Constitutionality of State Statutes."  (Doc. 1-1.)

### B.    Plaintiff Fails to State a Cognizable Claim in the Amended Complaint

#### 1.    Plaintiff's Amended Complaint Violates Rule 8

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's amended complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly.  A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.  Here, the statement of claim section states, "Jessica, James, Xiomara are my children with other 18 years old getting Federal question with the FBI address and phone number.  Extension in

1    time and a lawyer to settle eight billion queizgies [*sic*]." (Doc. 7 at 5.). There are no factual

2    allegations in the complaint that identify the basis any federal claim(s). Nor does Plaintiff specify

3    what state statute(s) she finds unconstitutional and what basis she has for doing so, as specified in

4    the Civil Cover Sheet. (*See* Doc. 1-1.)

5        In addition, a complaint is required to contain sufficient factual content for the court to draw

6    the reasonable conclusion that any defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S.

7    at 678. Again, in the absence of factual allegations, it is impossible to determine what Plaintiff is

8    alleging has occurred or how the defendants are alleged to be responsible.

9        Finally, Rule 8 requires that the complaint must state a demand for the relief sought. Fed.

10   R. Civ. P. 8(a)(3). The relief requested in the complaint is "I scare officer of law enforcement

11   identification they don't believe is me, Evelyn Jimenez, where I am from, county I [*sic*] what

12   language, same to my community and places visit," the meaning of which is unclear to the Court.

13   (*See* Doc. 7 at 6.) As such, there is no articulation of the relief that she is seeking in the action (*e.g.*,

14   damages or injunctive relief), as required by Rule 8.

15              2.    Plaintiff's Amended Complaint Does Not Plead a Basis for Suit Against the
16                    United States and the FBI

17       Plaintiff appears to bring this action against the United States and the "FBI Federal Bureau

18   of Investigation." (Doc. 7 at 1.) As previously indicated in the Court's screening order, the United

19   States and its agencies generally are entitled to sovereign immunity from suit unless Congress has

20   expressly waived immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). *See also Kaiser v. Blue*

21   *Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th

22   Cir. 1997). "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and

23   conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be

24   implied.'" *Hodge*, 107 F.3d at 707 (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981).)

25   The amended complaint, like the original, is devoid of any allegations that would enable the Court

26   to determine any basis by which Plaintiff could bring suit against the United States or the FBI.

27

28

**C.     Plaintiff's Amended Complaint Should Be Dismissed Without Leave to Amend**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996).  However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad.  *Sateriale v. R.J. Reynolds Tobacco Co*., 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Further amendment is not appropriate in this case.  When dismissing the initial complaint, the undersigned advised Plaintiff could file an amended complaint if she believed that she could allege "additional true factual allegations [that] would state cognizable claims."  (Doc. 4 at 5.)  Plaintiff has repeatedly demonstrated that she is unable to marshal facts sufficient to constitute a cognizable claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of her amended complaint.  Thus, the undersigned declines to give any further leave to amend and recommends that the action be dismissed.

### III.     CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's amended complaint (Doc. 7) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 27, 2025**                     */s/ Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE